## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, LOCAL 51M <br><br>      Plaintiffs <br><br> v. <br><br> JOHNS MANVILLE <br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,

Allied Industrial and Service Workers International Union, ("USW") and United Steel,

Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service

Workers International Union, Local Union 51M ("Local Union")(the USW and Local

Union are hereinafter sometimes collectively referred to as the "Union") allege for their

cause of action against Defendant Johns Manville ("Company"), as follows:

## JURISDICTION

1.      This claim is brought under, and this Court has jurisdiction of this matter,

under the provisions of Section 301 of the Labor-Management Relations Act of 1947, as

amended ("LMRA"), 29 U.S.C. §185, and under 28 U.S.C. §1331.

## PARTIES

2.      The USW is a labor organization representing employees in industries affecting commerce within the meaning of the LMRA, 29 U.S.C. §§142, 152 and 185. The USW maintains an office within this judicial district at 13003 Eckel Junction - Unit 103, Perrysburg, Ohio, 43551.

3.      The Local Union is a duly affiliated local union of the USW and is a labor organization representing employees in industries affecting commerce within the meaning of the LMRA, 29 U.S.C. §§142, 152 and 185.  The Local Union conducts its affairs within this judicial district.

4.      The Company is a Delaware corporation engaged in the manufacture of roofing and insulation materials, and is an employer engaged in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. §§142, 152 and 185.  The Company maintains a manufacturing plant within this judicial district located in Defiance, Ohio in Defiance County.

## VENUE

5.      Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).

## CLAIMS

6.      Effective August 17, 2014, the Glass, Molders, Pottery, Plastics & Allied Workers International Union of the United States and Canada (the "GMP") and its Local Union No. 51 entered into a collective bargaining agreement with the Company (the "Agreement") which governed the terms and conditions of employment of certain

Company employees at its Defiance, Ohio facility.  The Agreement was in full force and effect at all material times.

7.     Effective January 1, 2018, the GMP merged into and became an integral part of the USW.    Further, effective January 1, 2018, the USW issued new charters to all former GMP local unions.  At all times since the merger, the Union has been the duly recognized exclusive bargaining representative for all Union represented Company employees at the Company's Defiance, Ohio facility.

8.     Article 17 (Settlement of Disputes), Section 58 of the Agreement provides that "[s]hould any dispute involving the interpretation or alleged violation of the terms of this Agreement [i.e., a grievance] occur between the Company and an employee, such dispute shall be processed in the following manner" as further set forth in Article 17, Sections 58 through 65 of the Agreement.

9.     Article 17 (Settlement of Disputes), Section 58, Step 1 of the Agreement provides that an employee with a grievance shall present it directly to his/her shift supervisor for adjustment within five (5) working days of its occurrence.

10.    Article 17 (Settlement of Disputes), Section 64 of the Agreement provides that "[g]rievances involving discharge, if not settled within five (5) days shall be automatically referred to Step 4 of the grievance procedure."

11.    Article 17 (Settlement of Disputes), Section 58, Step 4 of the Agreement provides in relevant part "[i]f the [grievance] cannot be satisfactorily adjusted by the parties at this step, either party may request arbitration of the dispute".

12.    Article 17 (Settlement of Disputes), Section 58, Step 4 of the Agreement details the procedures for the Union and Company to select an Arbitrator to decide unresolved grievances.

3

13.     Article 17 (Settlement of Disputes), Section 60 of the Agreement provides in relevant part that "[t]he Arbitrator shall deal only with the single matter which occasioned their appointment".

14.     Article 17 (Settlement of Disputes), Sections 62 (d) and (e) of the Agreement provide as follows:

> Jurisdiction of the Arbitrator is limited to:
>
> d)     Reversing the decision of the Company in matters involving the fairness of discipline, discharge or change in status of an employee only if it is found that The Company has acted arbitrarily and without reasonable justification or in violation of this Agreement, and
>
> e)     Stating the decision or award in writing within thirty (30) days, together with the reasoning and grounds upon which such decision or award is based, as a condition of its being final and binding upon the parties thereto.  If mutually agreed to between the Union and Company, the Arbitrator may award a bench decision.

15.     On or about July 26, 2017, the Company converted its suspension of employee Robert Cameron (the "Grievant") into a termination of employment.  The Union timely filed a grievance challenging the termination (the "Grievance").

16.     The Union and Company were unable to satisfactorily resolve the Grievance and the Union timely appealed the Grievance to arbitration in accord with Article 17 of the Agreement.

17.     The Company and the Union selected Arbitrator William J. Miller, Jr. to hear and decide the Grievance.  A hearing was held on or about July 27, 2018 during which both parties presented oral and documentary evidence to Arbitrator Miller.  On or about September 24, 2018, the Company and Union each submitted post-hearing briefs to Arbitrator Miller at which time the record was closed.

4

18.     On or about October 24, 2018, Arbitrator Miller issued an Opinion and

Award (the "Award") finding in relevant part that

> The Company acted arbitrarily and without reasonable
> justification when it terminated the [G]rievant.  The Company did
> have justification to suspend the [G]rievant for thirty days for his
> inappropriate behavior on the day in question.  The [G]rievant is to
> be returned to work and be made whole for all los[s]es he incurred
> subsequent to this thirty day suspension.

19.     On or about November 12, 2018, the Company returned the Grievant to

work pursuant to the Arbitrator's Award.

20.     While the Company has returned the Grievant to work pursuant to the

Award, it has failed to make him "whole for all losses he incurred subsequent to his thirty

day suspension" as further required by the Award.

21.     The Company's failure to make the Grievant whole as required by the

Award violates the Agreement.

22.     Pursuant to Section 301 of the LMRA, 29 U.S.C. §185, this Court should

enforce the Award in its entirety and compel the Company to make the Grievant "whole

for all losses he incurred subsequent to his thirty day suspension" as required by the

Award.

WHEREFORE, the Union respectfully requests that this Court:

a)      Enforce the Award of Arbitrator Miller;

b)      Order the Company to abide by, carry out and fulfill
        the terms of the Award;

c)      Order the Company to make the Grievant whole for all losses he
        incurred subsequent to his thirty day suspension as required by
        the Award;

d)      Order the Company to pay prejudgment interest on the
        amount of money due and owing the Grievant in order to make
        him whole from the date the Award was
        issued, until the date of payment;

e)      Award to the Union its costs and reasonable attorneys'
        fees incurred by it in the prosecution of this Complaint
        because of the Company's unjustified refusal to comply
        with the Award; and

f)      Issue such other relief as may be just and proper.


                                    SCHWARZWALD MCNAIR & FUSCO LLP

                                    /s/ Timothy Gallagher
                                    Timothy Gallagher (0058401)
                                    1215 Superior Avenue East
                                    Suite 225
                                    Cleveland, OH 44114-3257
                                    (216) 566-1600 (telephone)
                                    (216) 566-1814 (facsimile)
                                    tgallagher@smcnlaw.com


                                    Amanda M. Fisher*
                                    United Steelworkers Legal Department
                                    60 Boulevard of the Allies
                                    Suite 807
                                    Pittsburgh, PA 15222
                                    Phone: 412-562-2567
                                    Fax: 412-562-2429
                                    afisher@usw.org
                                    *(Admission for pro hac vice application to
                                    be made)

                                    Attorneys for the Union


GL001.291/Filings/Complaint - FINAL